KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP
Mark F. Anderson (SBN 44787)
445 Bush Street, Sixth Floor
San Francisco, CA 94108
Tel:  (415) 861-2265
Fax:  (415) 861-3151
Email: mark@kabolaw.com

Attorneys for Plaintiff Sachin Dhole

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHIN DHOLE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio corporation; TRANS UNION LLC, a Delaware corporation; and PROCOLLECT INC., a Texas corporation;<br><br>　　　　Defendants. | Case No. 07 5157<br><br>COMPLAINT<br><br>and<br><br>JURY TRIAL DEMAND |

1. This case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.* and the Fair Debt Collection Act, 15 U.S.C. § 1692.

**PARTIES**

2. Plaintiff Sachin Dhole is a "consumer" as defined by 15 U.S.C. § 1681a(c). Plaintiff resides in the County

3. Defendant ProCollect, Inc., a Texas corporation, ("ProCollect") has its principal place of business in Dallas, TX. ProCollect is both a "person" as defined by 15

Complaint—*Dhole v Experian et al*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　1

USC § 1681a(b) and a "user" of consumer credit information as said term is used in the FCRA, including 15 USC § 1681b.

4. Defendant Experian Information Solutions, Inc. ("Experian") is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. §§ 1681a(f) and (p).

5. Defendant Trans Union LLC ("Trans Union") is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. §§ 1681a(f) and (p

## JURISDICTION

6. This court has jurisdiction under 28 U.S.C. § 1331. Defendants were authorized to and have been doing business within this district at all relevant times.

## VENUE

7. The activities alleged herein occurred within this district.

## FACTS

8. Plaintiff lived in an apartment which is part of The Oaks of Collin Creek, Plano, TX in 2003. On November 26, 2003, plaintiff gave written notice to the apartment management. The apartment office misplaced the notice and assessed plaintiff charges of $853. After disputing the charges with apartment office, The Oaks of Collin Creek reduced the charges to $181 for cleaning and minor damage, which amount plaintiff paid by check on September 14, 2004.

9. In or about March 2004, The Oaks of Collin Creek assigned its invalid claim of $853 to defendant ProCollect, Inc. for collection.

10. Since that date, plaintiff has sent numerous letters disputing the debt to defendant ProCollect. Plaintiff and his wife Anita Dhole has had many telephone conversations with ProCollect about this alleged debt. With the dispute letters, plaintiff enclosed extensive documentation that shows that the debt was and is invalid. In spite of

this activity, defendant ProCollect refused to drop the claim and refused to stop reporting the invalid debt to the credit reporting agencies.

11. Defendant ProCollect refused to investigate the validity of the debt.

12. Defendant ProCollect began reporting the invalid debt of $853 to defendants Experian and Trans Union in March 2004.

13. In February or March 2006, plaintiff disputed the invalid debt by contacting defendants Experian. Plaintiff provided documentation to prove the debt was invalid to each, but each failed and refused to provide the documentation to ProCollect as required by the FCRA. Instead, Experian merely transmitted a code to ProCollect indicating there was a dispute. This action by Experian was not a reasonable reinvestigation required by the FCRA. In March 2006, Experian refused to delete the ProCollect collection account information.

14. In June 2006, plaintiff applied to rent an apartment from the Villas Park Merced. The apartment management company, On Site Manager, Inc., obtained a credit report concerning plaintiff. Largely on the basis of the negative information provided by ProCollect, the apartment complex refused to rent to him and his wife.

15. On August 16, 2007, plaintiff sent defendant Experian a letter again disputing the ProCollect account information and also a report by the Sangamon County Recorder concerning a tax lien that was filed in the amount of $1,056. With respect to both disputes, plaintiff enclosed documentation proving the ProCollect and tax lien information was inaccurate. Plaintiff paid the tax lien, but Experian was not showing it as paid.

16. On September 14, 2007, Experian provided the results of its reinvestigation. It verified both the ProCollect and tax lien information refusing to reflect that the tax lien was paid and refusing to delete the inaccurate ProCollect information.

17. On August 16, 2007, plaintiff sent defendant Trans Union a letter disputing the ProCollect account information. Plaintiff enclosed documentation proving the

ProCollect information was inaccurate.

18. On September 10, 2007, Trans Union provided the results of its reinvestigation. It verified both the ProCollect information refusing to delete the inaccurate ProCollect information.

19. Plaintiff has been damaged by defendants' refusal to correct and delete the inaccurate information on his Experian and Trans Union credit reports. Plaintiff has been unable to rent a long term apartment and instead has had to arrange for more expensive short term accommodations. Plaintiff has suffered emotional distress as a legal result of defendants' violations of the FCRA and FDCA.

**First Claim for Relief—Experian's Failure to Reinvestigate Disputed Information**

20. Plaintiff realleges and incorporates ¶¶ 1-19.

21. After plaintiff disputed the two items mentioned above, Experian was required by 15 USC 1681i(A) to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, Experian was required to send all relevant information to the furnisher, ProCollect, and to the Sangamon County Recorder, which it did not do.

22. Defendant Experian negligently and willfully failed to conduct a reasonable reinvestigation as required by the FCRA.

**Second Claim for Relief—Trans Union's Failure to Reinvestigate Disputed Information**

23. Plaintiff realleges and incorporates ¶¶ 1-19.

24. After plaintiff disputed the ProCollect account mentioned above, Trans Union was required by 15 USC 1681i(A) to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, Trans Union was required to send all relevant information to the furnisher, ProCollect, which it did not do.

25. Defendant Trans Union negligently and willfully failed to conduct a reasonable reinvestigation as required by the FCRA.

**Third Claim for Relief—ProCollect Reporting Inaccurate Information to Experian and Trans Union and ProCollect's Failure to Reinvestigate**

26. Plaintiff realleges and incorporates ¶¶ 1-19.

27. 15 USC 1681s-2 prohibits furnishers such as ProCollect from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

28. Defendant ProCollect violated section 1681s-2 by reporting inaccurate account information.

29. Defendants Experian and Trans Union provided notice to ProCollect that plaintiff was disputing the inaccurate information, but ProCollect failed to reinvestigate the information as required by the FCRA, 15 USC 1681s-2(a)(E).

**Fourth Claim for Relief—ProCollect's Violation of the Fair Debt Collection Act**

30. Plaintiff realleges and incorporates ¶¶ 1-19, 29.

31. Defendant ProCollect violated 15 USC § 1692g of the Fair Debt Collection Act by failing to provide verification of the debt and continuing its debt collection efforts after the plaintiff had disputed the debt in writing within 30 days of receiving notice of the 15 USC § 1692G debt validation rights.

32. Defendant ProCollect violated 15 USC § 1692e(2)(A), (5) and (10) of the FDCA by misrepresenting the imminence of legal action by it or its agents.

**Fifth Claim for Relief—ProCollect's Violation of the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq**

33. Plaintiff realleges and incorporates ¶¶ 1-19, 29.

33. The Rosenthal Fair Debt Collection Practices Act, Civil Code §1788 et. seq., was enacted in 1976 to protect consumers from the oppressive and overreaching debt collection practices of creditors and professional debt collectors. Civil Code §1788.1(b). The Legislature found that "unfair or deceptive debt collection practices undermine the

Complaint—Dhole v Experian et al                                                                 5

public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Civil Code §1788.1(a)(2).

29. At all times material hereto, ProCollect was a "debt collector" within the meaning of Civil Code §1788.2(d). Plaintiff is a "debtor" within the meaning of §1788.2(h). The debt that ProCollect attempted to collect from the plaintiff a "consumer debt" within the meaning of Civil Code §1788.2(f).

30. ProCollect violated the provisions of Civil Code §1788.17 by (a) engaging in conduct the natural consequence of which was to harass, oppress or abuse plaintiff in connection with collection of an alleged debt, in violation of 15 U.S.C. §1692d; (b) using false, deceptive or misleading misrepresentations or means in connection with the collection of a debt, in violation of 15 U.S.C. §1692e; and (c) using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. 1692f.

31. ProCollect has violated Civil Code §1788.13(e) by making false representations that it had a valid assignment of the debt and that it was a valid debt.

32. As a result of the violations by ProCollect of the Rosenthal Fair Debt Collection Practices Act, plaintiff has suffered actual damages.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

**First and Second Claims for Relief** (against Experian and Trans Union, respectively):

1. Actual damages;
2. Statutory damages;

Complaint—*Dhole v Experian et al*                                                              6

2.  Punitive damages;

3.  Attorneys fees, and

4.  Costs and expenses incurred in the action.

**Third, Fourth and Fifth Claims for Relief** (against ProCollect, Inc):

1.  Actual damages;

2.  Statutory damages;

3.  Punitive damages;

4.  Attorneys fees, and

5.  Costs and expenses incurred in the action.

Dated: October 4, 2007.

KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP

By: Mark F. Anderson
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

By: Mark F. Anderson
Attorney for Plaintiff

Complaint—*Dhole v Experian et al*                                                                 7