**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2447
FACSIMILE 714-668-2490

Donald E. Bradley (State Bar No. 145037)
d.bradley@mpglaw.com

Attorneys for Trans Union LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHIN DHOLE, | Case No. 4:07-cv-05157-SBA |
| Plaintiff, | |
| vs. | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT** |
| EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio corporation; TRANS UNION LLC, a Delaware corporation; and PROCOLLECT INC., a Texas corporation, | |
| Defendants. | |

Defendant Trans Union LLC ("Trans Union") hereby answers the averments contained in the Complaint of Sachin Dhole ("Plaintiff"). Trans Union's answers to Plaintiff's averments are intended to apply to Trans Union's actions and do not speak to the actions of other entities or persons.

1. Answering paragraph 1, Trans Union admits that Plaintiff purportedly brings this action under the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. §§ 1681 *et seq.* and the Fair Debt Collection Act, codified at 15 U.S.C. § 1692. Trans Union, however, denies any implication that it is liable to Plaintiff or that Plaintiff's Complaint states a cause of action against Trans Union.

556459.1

**PARTIES**

2.     Answering paragraph 2, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

3.     Answering paragraph 3, Trans Union admits the averments of this paragraph.

4.     Answering paragraph 4, Trans Union admits the averments of this paragraph.

5.     Answering paragraph 5, Trans Union admits the averments of this paragraph.

**JURISDICTION**

6.     Answering paragraph 6, Answering paragraph 1, Trans Union admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff purports to bring this action under the FCRA.

**VENUE**

7.     Answering paragraph 7, Trans Union admits that venue lies in the Northern District of California, but denies any implication that it is liable to Plaintiff in any manner whatsoever or that Plaintiff's Complaint states a claim for relief against Trans Union.

**FACTS**

8.     Answering paragraph 8, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

9.     Answering paragraph 9, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

10.     Answering paragraph 10, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies

1  them.

2      11.    Answering paragraph 11, Trans Union incorporates by reference its

3  answers to paragraphs 1 through 10 above as though fully set forth herein.

4      12.    Answering paragraph 12, Trans Union lacks sufficient information or

5  belief to admit or deny the averments of this paragraph, and on that basis denies

6  them.

7      13.    Answering paragraph 13, Trans Union lacks sufficient information or

8  belief to admit or deny the averments of this paragraph, and on that basis denies

9  them.

10     14.    Answering paragraph 14, Trans Union lacks sufficient information or

11 belief to admit or deny the averments of this paragraph, and on that basis denies

12 them.

13     15.    Answering paragraph 15, Trans Union lacks sufficient information or

14 belief to admit or deny the averments of this paragraph, and on that basis denies

15 them.

16     16.    Answering paragraph 16, Trans Union lacks sufficient information or

17 belief to admit or deny the averments of this paragraph, and on that basis denies

18 them.

19     17.    Answering paragraph 17, Trans Union lacks sufficient information or

20 belief to admit or deny the averments of this paragraph, and on that basis denies

21 them.

22     18.    Answering paragraph 18, Trans Union lacks sufficient information or

23 belief to admit or deny the averments of this paragraph, and on that basis denies

24 them.

25     19.    Answering paragraph 19, Trans Union lacks sufficient information or

26 belief to admit or deny the averments of this paragraph, and on that basis denies

27 them.

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S
COMPLAINT

**FIRST CLAIM FOR RELIEF**

20.    Answering paragraph 20, Trans Union incorporates by reference its answers to paragraphs 1 through 19 above as though fully set forth herein.

21.    Answering paragraph 21, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

22.    Answering paragraph 22, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

**SECOND CLAIM FOR RELIEF**

23.    Answering paragraph 23, Trans Union incorporates by reference its answers to paragraphs 1 through 19 above as though fully set forth herein.

24.    Answering paragraph 24, 15 U.S.C. §1681i speaks for itself.

25.    Answering paragraph 25, Trans Union denies the allegations of this paragraph.

**THIRD CLAIM FOR RELIEF**

26.    Answering paragraph 26, Trans Union incorporates by reference its answers to paragraphs 1 through 19 above as though fully set forth herein.

27.    Answering paragraph 27, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

28.    Answering paragraph 28, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

29.    Answering paragraph 29, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

**FOURTH CLAIM**

30.     Answering paragraph 30, Trans Union incorporates by reference its answers to paragraphs 1 through 19 and 29 above as though fully set forth herein.

31.     Answering paragraph 31, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

32.     Answering paragraph 32, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

**FIFTH CLAIM**

33.     Answering paragraph 33, Trans Union incorporates by reference its answers to paragraphs 1 through 19 and 29 above as though fully set forth herein.

34.     Answering paragraph 33 [sic], the cited statutes speak for themselves.

35.     Answering paragraph 29 [sic], Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

36.     Answering paragraph 30 [sic], Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

37.     Answering paragraph 31 [sic], Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

38.     Answering paragraph 32 [sic], Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

39.    Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

### SECOND DEFENSE

40.    On information and belief, Trans Union alleges that any purported damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of third parties over whom Trans Union has neither control nor responsibility.

### THIRD DEFENSE

41.    Some or all of Plaintiff's claims against Trans Union are barred by applicable statutes of limitations, including, but not limited to, 15 U.S.C. § 1681p.

### FOURTH DEFENSE

42.    Trans Union has complied with the provisions of the FCRA, 15 U.S.C. §§ 1681a-x, in its handling of Plaintiff's credit files, and is entitled to each and every defense afforded to it by that Act.

### FIFTH DEFENSE

43.    Plaintiff, though under a duty to do so, has failed and neglected to reasonably mitigate his alleged damages and, therefore, cannot recover against Trans Union, whether as alleged, or otherwise.

### SIXTH DEFENSE

44.    Without admitting that it has the burden of proof on the issue, Trans Union alleges that at all times relevant to the Complaint, it followed reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's Trans Union credit reports.

### SEVENTH DEFENSE

45.    At all times relevant to the Complaint, Trans Union conducted proper reinvestigation procedures concerning Plaintiff in preparing consumer reports related

1  to Plaintiff.

2  **EIGHTH DEFENSE**

3      46.    Any credit report or other information released by Trans Union to a third

4  party concerning Plaintiff was done with Plaintiff's explicit or implicit consent.

5  **NINTH DEFENSE**

6      47.    Trans Union is informed and believes, and thereon alleges, that any

7  purported damages sustained by Plaintiff, were, in whole or in part, caused by his

8  own actions and resulted from Plaintiff's own negligence, equal to or exceeding any

9  alleged wrongdoing by Trans Union.

10  **TENTH DEFENSE**

11      48.    Trans Union is informed and believes, and thereon alleges, that

12  Plaintiff's Complaint is barred by the doctrine of Unclean Hands.

13  **ELEVENTH DEFENSE**

14      49.    Trans Union is informed and believes, and thereon alleges, that some or

15  all of Plaintiff's claims are barred by res judicata.

16  **TWELFTH DEFENSE**

17      50.    Trans Union is informed and believes, and thereon alleges, that some or

18  all of Plaintiff's claims are barred by collateral estoppel.

19  **THIRTEENTH DEFENSE**

20      51.    Trans Union reserves the right to assert additional defenses that it may

21  learn of through the course of discovery.

22  **PRAYER**

23  WHEREFORE, Defendant Trans Union LLC prays as follows:

24      1.    That Plaintiff take nothing by reason of his Complaint;

25      2.    That the Complaint be dismissed in its entirety as to Trans Union;

26      3.    That Trans Union be awarded its costs of suit and reasonable attorneys'

27  fees incurred herein; and

28      4.    For such other and further relief as this Court may deem just and proper.

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

556459.1

7

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT**

1  DATED:  November 2, 2007        MUSICK, PEELER & GARRETT LLP

2

3                                          By:  _/s/ Donald E. Bradley_____
                                             Donald E. Bradley
4                                            Attorneys for Trans Union LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

556459.1

8

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT**

1

**CERTIFICATE OF SERVICE**

2    STATE OF CALIFORNIA
     COUNTY OF ORANGE

3

4         I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

5

6         On November 2, 2007, I served the foregoing document(s) described as **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

7

8         **See Attached List**

9    ☐    **BY PERSONAL DELIVERY.**  I delivered such envelope by hand to the offices of the addressee.

10

11   ☒    **BY E-SERVICE.**  I caused such documents to be e-filed with the court who then serves such document via e-filing.

12   ☐    **BY MAIL.**  I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Costa Mesa, California.  I am "readily familiar" with the firm's practice of

13   collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at

14   Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is

15   more than one day after date of deposit for mailing in affidavit.

16   ☐    **BY FACSIMILE TRANSMISSION.**  I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein.  The facsimile machine used complies with

17   Rule 2003 and no error was reported by the machine.  Pursuant to Rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to

18   this declaration.

19   ☐    **BY FEDERAL EXPRESS.**  I caused such envelope to the deposited at the Federal Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery charges

20   prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service.  Under that practice, it

21   would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business for delivery to the

22   addressee.

23        Executed on November 2, 2007, at Costa Mesa, California.

24   ☒    **(Federal)**    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of

25   perjury under the laws of the United States of America that the foregoing is true and correct.

26

27                                 /s/ Karen S. Reisner

28                                 Karen S. Reisner

556459.1

9

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT**

1

**SERVICE LIST**

2  Mark F. Anderson
   Kemnitzer, Anderson, Barron & Ogilvie
3  445 Bush St., 6th Floor
   San Francisco, CA 94108
4  Phone:  (415) 861-2265
   Fax:  (415) 861-3151 (fax)
5  mark@kabolaw.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

556459.1                                          10
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S
COMPLAINT