1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:  (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for Defendant
   ProCollect, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  SACHIN DHOLE,                    )   CASE NO.: C07-5157 SBA
                                     )
13           Plaintiff,              )
                                     )
14      vs.                          )   ANSWER OF DEFENDANT
                                     )   PROCOLLECT, INC. TO
15  EXPERIAN INFORMATION             )   COMPLAINT
    SOLUTIONS, INC., an Ohio         )
16  corporation; TRANSUNION LLC, a   )
    Delaware corporation; and        )
17  PROCOLLECT INC., a Texas         )
    corporation;                     )
18                                   )
             Defendants.             )
19  _____    )

20

21

22

23

24

25

26

27

28

Defendant PROCOLLECT, INC. ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff SACHIN DHOLE ("Plaintiff"):

1.      In answering Paragraph 1 of the Complaint, Defendant avers that the contents of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.      In answering Paragraph 2 of the Complaint, Defendant admits on information and belief that Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).  Defendant lacks sufficient information to form a belief as to whether Plaintiff lives "in the County" and on that basis, Defendant denies the allegation.  Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.      In answering Paragraph 3 of the Complaint, Defendant admits that it is a Texas Corporation with its principal office in Dallas, Texas.  Defendant admits that it is has at times qualified as a "person" as defined by 15 U.S.C. § 1681a(b), and as a "user" of credit information as that term is used in the FCRA.  Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.      Defendant admits, on information and belief, the allegations of Paragraph 4 of the Complaint.

5.      Defendant admits, on information and belief, the allegations of Paragraph 5 of the Complaint.

6.      In answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff alleges that jurisdiction of this Court arises under 28 U.S.C. § 1331.  Defendant further admits that it has, at times, conducted interstate business in this judicial district.  Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7.      Denied.

8.      In answering Paragraph 8 of the complaint Defendant admits, on information and belief, that Plaintiff once resided in an apartment that is "part of The

Oaks of Collin Creek, Plano, [Texas]". Defendant denies, on information and belief, the remaining allegations of Paragraph 8.

9.    In answering Paragraph 9 of the Complaint, Defendant admits that in or about March 2004, The Oaks of Collin Creek assigned to it Plaintiff's past due account for collection. Except as herein admitted to remaining allegations of Paragraph 9 are denied.

10.    In answering Paragraph 10 of the Complaint, Defendant admits that it has had telephone communications with Plaintiff and his wife and has received correspondence from Plaintiff. Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11.    Denied.

12.    In answering Paragraph 12 of the Complaint, Defendant admits that it reported Plaintiff's past due account to credit reporting agencies, Experian and TransUnion. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13.    In answering Paragraph 13 of the Complaint, Defendant denies that defendant Experian "transmitted a code to ProCollect indicating there was a dispute" with regard to Plaintiff's account in February or March 2006. Defendant lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 13 and on that basis, denies them.

14.    Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 14 and on that basis, denies them.

15.    In answering Paragraph 15 of the Complaint, Defendant denies that the "ProCollect [] information was inaccurate." Defendant lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 15 and on that basis, denies them.

16.    In answering Paragraph 16 of the Complaint, Defendant denies that the ~~any information it provided to Experian was "inaccurate." Defendant lacks sufficient~~

knowledge to form a belief as to the remaining allegations of Paragraph 16 and on that basis, denies them.

17.    In answering Paragraph 17 of the Complaint, Defendant denies that the "ProCollect information was inaccurate."  Defendant lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 17 and on that basis, denies them.

18.    In answering Paragraph 18 of the Complaint, Defendant denies that the any information it provided to TransUnion was "inaccurate."  Defendant lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 18 and on that basis, denies them

19.    Denied.

20.    Defendant incorporates by reference paragraphs 1-19 above, as if fully stated herein.

21.    Defendant avers that no response to Paragraph 21 of the Complaint is required of it.

22.    Defendant avers that no response to Paragraph 22 of the Complaint is required of it.

23.    Defendant incorporates by reference paragraphs 1-19 above, as if fully stated herein.

24.    Defendant avers that no response to Paragraph 24 of the Complaint is required of it.

25.    Defendant avers that no response to Paragraph 25 of the Complaint is required of it.

26.    Defendant incorporates by reference paragraphs 1-19 above, as if fully stated herein.

27.    In answering Paragraph 27 of the Complaint, Defendant avers that the contents of the Fair Credit Reporting Act are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28.    Denied.

29.    Denied.

30.    Defendant incorporates by reference paragraphs 1-29 above, as if fully stated herein.

31.    Denied.

32.    Denied.

33a.[1]    Defendant incorporates by reference paragraphs 1-29 above, as if fully stated herein.

33b.    In answering Paragraph 33 of the Complaint, Defendant avers that the contents of the Rosenthal Act, Cal. Civ. Code § 1788 *et seq*. are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 33 are denied.

29a.[2]    In answering Paragraph 29a of the Complaint, Defendant admits that it has, at times, acted as a debt collector as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(d).  Defendant lacks sufficient knowledge to form a belief as to whether the obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as defined by Cal. Civ. Code § 1788.2(h) or whether the financial obligation at issue was a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f) and on that basis, denies the allegations.  Except as herein admitted, the remaining allegations of Paragraph 29a are denied.

30a.    Denied.

31a.    Denied.

32a.    Denied.

_____

[1]Defendant notes that there are two paragraphs numbered "33" in the Complaint. Defendant responds to them sequentially as paragraphs "33a" and "33b."

[2]Defendant notes that after Plaintiff's second paragraph numbered "33," the paragraphs in the Complaint, begin again at number "29."  Plaintiff responds to each misnumbered paragraph as "29b," "30b," "31b," and "32b."

1

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH  AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their

relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff lacks standing to assert his claims against Defendant.

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Preemption)

3      Plaintiff's claims under state law are barred in whole or in part by the doctrine of

4 preemption.

5

6      WHEREFORE, Defendant requests judgment as follows:

7      1.   That Plaintiff take nothing by the Complaint, which should be dismissed with

8 prejudice.

9      2.   That Defendant recover from Plaintiff costs according to proof.

10      3.   That Defendant recover attorneys' fees according to proof.

11      4.   That the Court orders such other further reasonable relief as the Court may

12 deem just and proper.

13

14

DATED: November 16, 2007        SIMMONDS & NARITA LLP
15                                TOMIO B. NARITA
                                  JEFFREY A. TOPOR
16

17

18                         By:    s/Tomio B. Narita
                                  Tomio B. Narita
19                                Attorneys for Defendant
                                  ProCollect, Inc.
20

21

22

23

24

25

26

27

28