Mark F. Anderson (SBN 44787)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
mark@kabolaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHIN DHOLE, ) | Case No. C 07 5157 SBA |
| Plaintiff, ) | **JOINT PRETRIAL STATEMENT** |
| v. ) | |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC.; ) | **Hearing Date: January 30, 2008** |
| Defendant. ) | **Time: 2:30 PM (by telephone)** |
| ) | **Courtroom 2, Oakland** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff and counsel for Defendants conferred to discuss the matters set forth in Rule 16, Rule 26(f), Local Rule 3-5, and the Court's September 26, 2007 Order Setting Initial Case Management Conference and ADR Deadlines. The parties hereby submit their Joint Case Management Statement:

**1.    BASIS FOR JURISDICTION AND SERVICE**

This action is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Consequently, this Court has jurisdiction pursuant to 15 U.S.C. § 1681p. All parties have been served.

**2.    STATEMENT OF FACTS**

Plaintiffs:

Plaintiff Sachin Dhole alleges that defendants violated the Fair Credit Reporting Act (FCRA). Plaintiff lived in an apartment complex in Plano, Texas. In November 2003 he gave notice he was vacating, but the complex misplaced the notice and assessed him damages of $853 for

1  failing to give notice.  After disputing the charges with the complex, it was agreed that plaintiff only

2  owed $181 for cleaning some minor damage, which amount he paid in September 2004.

3      However, in or about March 2004, the apartment complex assigned a debt of $853 to

4  defendant ProCollect, a debt collector. Ever since, in spite of plaintiff's many disputes with

5  ProCollect and the defendant credit bureaus, the debt has remained on plaintiff's credit reports.

6  Plaintiff also disputes tax lien information reported by Experian as inaccurate. Plaintiff alleges that

7  the inaccurate credit reports have caused him damage.

8      Defendants:

9      Experian is a national credit reporting agency.  Experian essentially functions as a

10 storehouse of credit information concerning hundreds of millions of consumers nationwide,

11 collecting and storing credit information originated by others.  Experian does not generate credit

12 information itself, nor does it make loans, decide who should receive credit, or set loan terms.  It

13 serves as a conduit for credit information that it obtains from Experian's customers or "subscribers,"

14 which include banks, retailers, finance companies, and collection agencies.  Because its subscriber

15 businesses have a direct relationship with consumers, Experian relies on its subscribers to provide

16 information about the subscribers' customers, including identifying information, type and amount of

17 credit extended, and credit performance.

18     Experian is still investigating Plaintiff's claims and his alleged communications with

19 Experian.  As a result, Experian cannot comment on Plaintiff's specific factual allegations.

20 Experian, however, denies that it violated the FCRA negligently or intentionally.  Experian

21 maintains that at all times it employed reasonable procedures in preparing Plaintiff's credit reports.

22 Additionally, it is Experian's position that its reinvestigation policies and procedures are reasonable.

23 Any damages Plaintiff may have sustained, therefore, were not caused by Experian.

24     Trans Union: Trans Union maintains reasonable procedures designed to ensure the

25 maximum possible accuracy of the information it reports.  Trans Union accepted information

26 regarding Plaintiff from reliable sources.  Trans Union has investigated Plaintiff's disputes made

27 with it and timely reported the results of those reinvestigations to Plaintiff.  Trans Union also

28

updated this information contained in Plaintiff's Trans Union credit files pursuant to those

reinvestigations when warranted.  Trans Union is still investigating Plaintiff's claims and his

communications with Trans Union, and, therefore, cannot comment on the factual allegations at this

time.  Trans Union may reasonably rely upon the creditor, the party actually responsible for the

reinvestigation under 1681s-2(b).  Even if Plaintiff has suffered any compensable damage, the

damage was not caused by Trans Union.  Trans Union has not acted with negligence, malice or

intent to harm Plaintiff. Trans Union has not acted in reckless or conscious disregard for the rights

of Plaintiff.  Some of Plaintiff's claims or alleged damages may be barred by the applicable statute

of limitations.  Trans Union's investigation into the facts and circumstances of this case is ongoing.

**3.    LEGAL ISSUES**

Plaintiff:

One legal issue is whether the defendants Experian and Trans Union conducted a reasonable

reinvestigation of allegedly inaccurate items on plaintiff's credit reports after plaintiff disputed those

items. A second legal issue is whether defendant ProCollect reported inaccurate information to

defendants Experian and TransUnion. A third legal issue is whether defendant ProCollect violated

the Fair Debt Collection Act by failing to verify the debt, continuing debt collection efforts after the

plaintiff had disputed the debt in writing, and by misrepresenting the imminence of legal action.  A

fourth legal issue is whether ProCollect similarly violated the state Rosenthal Fair Debt Collection

Act. A fifth legal issue is whether plaintiff has suffered damages and, if so, the amount of damages.

Experian:

Experian denies Plaintiff's claims.  Experian maintains reasonable procedures in

reinvestigating disputes.

**4.    MOTIONS.**

Plaintiffs:

Plaintiff does not anticipate filing any motions at this time.

Defendants:

1  All of the Defendants anticipate that each will file a motion for summary judgment or partial

2  adjudication.

3  **5.    AMENDMENT OF PLEADINGS.**

4  The Parties do not intend to amend the currently filed pleadings

5  **6.    EVIDENCE PRESERVATION**

6  Plaintiff:

7  Plaintiff will preserve relevant evidence, including electronically filed documents.

8  Defendants:

9  Defendants are aware of their responsibility under the Federal Rules to preserve evidence

10  relevant to the issues reasonably evident in this action, and are not aware of any document- or data-

11  destruction program that would prevent them from fulfilling their responsibilities.

12  **7.    DISCLOSURES**

13  The parties are making their Rule 26 initial disclosures on January 9, 2008.   Plaintiff is

14  providing the defendants with all the relevant documents available to him at this time.

15  **8.    DISCOVERY**

16  The Parties do not require any limitations on discovery.  The Parties will meet and confer

17  regarding the terms of a Proposed Stipulated Protective Order.

18  Plaintiffs:

19  Plaintiff may take depositions of persons most knowledgeable concerning the facts of this

20  case.

21  Defendants:

22  Defendants will take the deposition of plaintiff, and of any other persons revealed by

23  discovery to have personal knowledge of the matters in dispute.  Factual issues with respect to

24  which discovery will be needed include:

25  - Facts and circumstances surrounding Plaintiff's alleged dispute of credit
     information with Experian and Trans Union.

26  - Facts and circumstances surrounding the respective Defendant credit reporting
     agencies' reports of credit information related to Plaintiff.

27

- Facts and circumstances surrounding the notification of a dispute to and conduct of investigation by the respective Defendant furnishers of information.
- Whether Defendants Experian and Trans Union negligently and/or willfully violated the Fair Credit Reporting Act as it relates to furishers of credit information.
- The damages suffered by Plaintiff and whether any damages were caused by negligent acts or omissions of the respective Defendants.
- Whether Plaintiff is comparatively at fault for or failed to mitigate any resulting damages.
- Whether the Plaintiff's claims are precluded by the statute of limitations and/or the doctrine of laches.

**9.    CLASS ACTIONS.**

Not applicable.

**10.    RELATED CASES.**

None.

**11.    RELIEF.**

Plaintiff Dhole is claiming damages for emotional distress, denial of credit and, in addition, punitive damages.

**12.    SETTLEMENT & ADR.**

The parties e-filed a stipulation that they will mediate the case within 90 days of the court's order approving the stipulation.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiff:

Plaintiff agrees to try the case before a Magistrate Judge.

Defendants:

Defendants do not agree to have this matter transferred to a Magistrate Judge.

**14.    OTHER REFERENCES**

The parties agree this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

The parties agree it is premature to attempt to narrow the issues.

**16.    EXPEDITED SCHEDULE**

The parties see no need for streamlined procedures or an expedited schedule.

**17.    SCHEDULING**

The Parties request a trial date of  July 2008 or such date as may be convenient to the Court.

**18.    TRIAL**

Plainitff requests a trial by jury and opposes bifurcation.  The parties estimate that this case will take approximately 3 to 5 days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

Plaintiff has no financial disclosures to make.  Defendants have filed their certification of interested parties.  The persons identified by Defendant Experian are: "GUS, PLC;  Parent company owning 100 percent of Experian Information Solutions, Inc."

Defendant Trans Union disclosed that the following entities may have some interest in this matter: Trans Union Corp.

Defendant ProCollect, Inc. disclosed that no other entities may have some interest in this matter.

Dated: January 9, 2008.

/s/Mark F. Anderson
Mark F. Anderson
Kemnitzer, Anderson, Barron & Ogilvie LLP
445 Bush Street, 6th Floor
San Francisco, CA 9411
Phone: (415) 623-3784, ext 101
Fax: (415) 861-3151
email: mark@kabolaw.com
Attorney for Plaintiff  Sachin Dhole

Dated:  January 9, 2008.

/s/David L. Wallach
David L. Wallach
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104-1500
Phone: (415) 875-5715
Fax: (415) 875-5700

1

email: dwallach@jonesday.com
Attorneys for Experian Information Solutions, Inc.

2

Dated: January 9, 2008.

/s/ Tomio B Narita

3

Jeffrey A Topor
Simmonds & Narita LLP

4

44 Montgomery St, Ste 3010
San Francisco, CA 94104-4816

5

Phone: (415) 283-1000

6

Fax: (415) 352-2625
tnarita@snllp.com

7

jtopor@snllp.com
Attorneys for Defendant ProCollect, Inc.

8

9

Dated: January 9, 2008

/s/ Donald E. Bradley

Musick, Peeler & Garrett LLP

10

650 Town Center Drive, Ste 1200
Costa Mesa, CA 92626-2447

11

Phone: (714) 688-2447

12

Fax: (714) 668-2490
d.bradley@mpglaw.com

13

Attorneys for Defendant Trans Union LLC

14

15

16    SFI-576628v1

17

18

19

20

21

22

23

24

25

26

27

28